IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01435-BNB

BENJAMIN FRANCIS KOLE,

      Plaintiff,

v.

JUDGE THOMAS L. LYNCH (in his professional capacity),
DEPUTY DISTRICT ATTORNEY NICHOLAS CUMMINGS (in his professional
      capacity),
SHERIFF JUSTIN SMITH (in his professional capacity),
CAPTAIN TIMOTHY PALMER (in his professional capacity),
LIEUTENANT MICHAEL ESTER (in his professional capacity),
LIEUTENANT STACEY SHAFFER (in her professional capacity),
JUDGE MARY JO BERENATO (in her professional capacity), and
DEPUTY CASSONDRA WINDWALKER (in her professional capacity),

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

      Plaintiff, Benjamin Francis Kole, initiated this action by filing *pro se* a Prisoner

Complaint (ECF No. 1).  On June 5, 2014, Mr. Kole filed an amended Prisoner

Complaint (ECF No. 9).  Mr. Kole asserts a number of claims pursuant to 42 U.S.C. §

1983 contending that his rights under the United States Constitution have been violated.

He seeks damages and injunctive relief.

      The court must construe the amended Prisoner Complaint liberally because Mr.

Kole is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court

should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. Mr. Kole will

be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The amended Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Kole is asserting constitutional claims against Defendants in their professional capacities.  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).  Therefore, Mr. Kole's claims against the three state employees, Judge Thomas L. Lynch, Judge Mary Jo

2

Berenato, and Deputy District Attorney Nicholas Cummings, are construed as claims against the State of Colorado.  Mr. Kole's claims against the other five Defendants, each of whom is alleged to be an employee of Larimer County, Colorado, are construed as claims against Larimer County.

Mr. Kole fails to provide a short and plain statement of any constitutional claims showing he is entitled to relief from either the State of Colorado or Larimer County. With respect to his claims against the State of Colorado, Mr. Kole's claims for damages are barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The Eleventh Amendment does not bar Mr. Kole from suing state officials in their official capacities if he is alleging an ongoing violation of federal law and seeking only prospective injunctive relief.  *See Rounds v. Clements*, 495 F. App'x 938 (10th Cir. 2012).  However, Mr. Kole fails to allege facts in support of his claims against the state officials that demonstrate an ongoing violation of his federal rights for which he is seeking prospective injunctive relief.

With respect to his claims against Larimer County, Mr. Kole is not entitled to relief unless he can demonstrate he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Mr. Kole does not provide a short and plain statement of any claims against Larimer County that demonstrate he is entitled to relief.

For these reasons, Mr. Kole will be directed to file a second amended complaint. Mr. Kole must identify the specific constitutional claims he is asserting, the specific

factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). If Mr. Kole elects to sue any Defendant in his or her individual capacity, he must make specific allegations regarding what that individual did to violate his constitutional rights. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Legal argument is not necessary or appropriate. Accordingly, it is

ORDERED that Mr. Kole file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Kole shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Kole fails within the time allowed to file a

second amended complaint that complies with this order, the action will be dismissed

without further notice.

DATED June 9, 2014, at Denver, Colorado.

BY THE COURT:


  s/Craig B. Shaffer
United States Magistrate Judge