IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01435-BNB

BENJAMIN FRANCIS KOLE,

    Plaintiff,

v.

JUDGE THOMAS L. LYNCH (in his individual capacity),
DEPUTY DISTRICT ATTORNEY NICHOLAS CUMMINGS (in his individual capacity),
SHERIFF JUSTIN SMITH (in his individual & professional capacity),
CAPTAIN TIMOTHY PALMER (in his individual & professional capacity),
LIEUTENANT MICHAEL ESTER (in his individual & professional capacity),
JUDGE MARY JO BERENATO (in her individual capacity), and
LIEUTENANT STACEY SHAFFER (in her individual & professional capacity),
DEPUTY CASSONDRA WINDWALKER (in her individual capacity),

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Benjamin Francis Kole, is an inmate at the Larimer County Jail in Fort Collins, Colorado. Mr. Kole has filed *pro se* a second amended Prisoner Complaint (ECF No. 15) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated.

    The Court must construe the second amended Prisoner Complaint liberally because Mr. Kole is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite

proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Kole's claims in the second amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b), the Court is required to dismiss the second amended Prisoner Complaint, or any portion of the second amended Prisoner Complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the second amended Prisoner Complaint in part pursuant to § 1915A(b).

Mr. Kole's claims in this action relate to a state court criminal case and his confinement at the Larimer County Jail.  Mr. Kole alleges that he initially was placed at the Larimer County Jail in December 2011 to face misdemeanor charges of violating a mandatory protection order and harassment.  Following a trial at which he was convicted on seventeen counts, Mr. Kole was sentenced in November 2012 to a total term of eight to ten years in the county jail.  He asserts that the convictions were overturned on appeal to the Larimer County District Court on September 24, 2013, and that the case was remanded to the trial court.  Mr. Kole contends that, following remand, his bond was reset at $25,000.00, the same amount originally set in December 2011, and that the trial court has denied his requests to reduce or modify his bond.  He further

contends that the trial court has denied his motion to dismiss the charges based on violations of his statutory and constitutional rights to a speedy trial. The criminal charges apparently remain pending.

Mr. Kole asserts three numbered claims for relief in the second amended Prisoner Complaint, each of which has subparts. The Court will address in turn each of Mr. Kole's claims.

Claim 1 in the second amended Prisoner Complaint has four subparts. Claim 1(a) and part of claim 1(d) are asserted against Judge Thomas L. Lynch of the County Court of Larimer County in his individual capacity. Mr. Kole contends in claim 1(a) that his rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated because Judge Lynch abused his discretion by imposing disproportionate consecutive sentences that resulted in a total sentence of eight to ten years in county jail. Mr. Kole contends in the portion of claim 1(d) that is asserted against Judge Lynch that his rights under the Eighth and Fourteenth Amendment rights also were violated because he was sentenced to incarceration in a county jail that does not provide the same opportunities for parole and community corrections that are available to inmates in state prisons.

Claim 1(a) and the portion of claim 1(d) that is asserted against Judge Lynch will be dismissed because judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Kole does not allege any facts that demonstrate Judge

Lynch acted outside the scope of his absolute immunity when he sentenced Mr. Kole. Therefore, claim 1(a) and the portion of claim 1(d) that is asserted against Judge Lynch are barred by absolute judicial immunity and must be dismissed.  To the extent Mr. Kole is seeking relief other than damages with respect to these claims against Judge Lynch, including an investigation or evaluation by a judicial review board, such relief is not appropriate in this action.

Claims 1(b) and 1(c) and the remaining portion of claim 1(d) relate to Mr. Kole's confinement at the Larimer County Jail and are asserted against Larimer County Sheriff Justin Smith, Captain Timothy Palmer, Lt. Michael Ester, and Lt. Stacey Shaffer.  Mr. Kole alleges that these four individuals "are the highest ranking officers . . . who work in the jail and are essentially the Command Staff who make POLICY and PROCEDURE for the day-to-day operations of this facility." (ECF No. 15 at 9.)  Mr. Kole is suing these four Defendants in their individual and official capacities.

Mr. Kole alleges in claim 1(b) that Sheriff Smith and Captain Palmer denied him due process and equal protection on March 27, 2014, by authorizing his temporary transfer to the El Paso County Jail in Colorado Springs, Colorado.  According to Mr. Kole, his temporary transfer to the El Paso County Jail was made without legal authority under Colorado law and he "suffered physical (i.e., contracting athletes foot, getting sick, and sleep deprivation [while] in El Paso County Jail.), emotional and mental injury to [his] person due to this incident." (ECF No. 15 at 10.)  Mr. Kole does not allege when he was returned to the Larimer County Jail following his temporary transfer to the El Paso County Jail.

The United States Constitution guarantees due process when a person is to be

deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Kole does not allege that he was deprived of life or property with respect to the due process component of claim 1(b). Therefore, the due process component of claim 1(b) depends upon the existence of a constitutionally protected liberty interest. Because Mr. Kole alleges that his convictions were reversed prior to his temporary transfer to the El Paso County Jail on March 27, 2014, the Court considers the due process component of claim 1(b) under the standards in *Bell v. Wolfish*, 441 U.S. 520 (1979), that are applicable to pretrial detainees. Under *Bell*, the proper inquiry is whether the challenged conditions amount to punishment of a pretrial detainee. *Id.* at 535. Whether a condition of pretrial confinement amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose. *Id.* at 538.

The due process component of claim 1(b) lacks merit because Mr. Kole does not allege that he was transferred to the El Paso County Jail in March 2014 as a form of punishment. Mr. Kole's allegation that he was transferred without legal authority under Colorado law does not demonstrate the transfer was intended as punishment. Therefore, the due process component of claim 1(b) is legally frivolous and must be dismissed.

With respect to the equal protection component of claim 1(b), a person's right to equal protection is violated when the government or its officials treat him or her differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). The equal protection component of claim 1(b) lacks merit because Mr.

Kole fails to allege facts that demonstrate he was treated differently than any similarly situated inmate when he was transferred temporarily to the El Paso County Jail.

Mr. Kole alleges in claim 1(c) that the conditions of his confinement at the Larimer County Jail violate his constitutional rights under the Eighth and Fourteenth Amendments because he "was given a 'prison-style' sentence, in terms of length of time (8 to 10 Years), without being afforded the same rights, privileges, opportunities and standards of living that Colorado Department of Correction Inmates GET who are serving 8 to 10 Year prison sentences." (ECF No. 15 at 11.) Mr. Kole specifically complains that he has no opportunity to go outside and there are no long-term educational/vocational training programs, no long-term individual or group therapy programs, and no long-term rehabilitation programs. Mr. Kole is suing Sheriff Smith, Captain Palmer, Lt. Ester, and Lt. Shaffer with respect to claim 1(c) "due to the fact that [he] ha[s] grieved these issues, and they are the chain of command who DENIED [the] grievances upon review." (ECF No. 15 at 11.)

Mr. Kole's primary contention with respect to claim 1(c) is that he is not afforded the same privileges as inmates in state prison facilities. The Court construes this contention as an equal protection claim and concludes that the equal protection claim is legally frivolous. Mr. Kole is not similarly situated to inmates incarcerated in a state prison and, as a result, he cannot state an arguable claim that he has been denied equal protection based on his allegation that state prison inmates receive greater privileges.

The Court next will address Mr. Kole's contention that the conditions of his confinement at the Larimer County Jail have subjected him to cruel and unusual

6

punishment because he has no opportunity to go outside and there are no long-term educational/vocational training programs, no long-term individual or group therapy programs, and no long-term rehabilitation programs. The cruel and unusual punishment component of claim 1(c) properly is considered under the Eighth Amendment for the period of time Mr. Kole was incarcerated at the Larimer County Jail after being sentenced in November 2012 and prior to the reversal of his convictions in September 2013. To the extent Mr. Kole's allegations in claim 1(c) relate to his confinement as a pretrial detainee, the conditions properly are considered pursuant to *Bell*.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Kole must allege that Defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Kole must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Thus, the Eighth Amendment is not violated unless the conditions deprive a prisoner of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). As noted above, the proper inquiry under *Bell* is whether the challenged conditions amount to punishment of a pretrial detainee. *Bell*, 441 U.S. at 535.

Mr. Kole's vague and conclusory allegations regarding the conditions at the Larimer County Jail do not demonstrate his constitutional rights have been violated. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Kole fails to allege facts in support of claim 1(c) that demonstrate Defendants acted with deliberate indifference to a substantial risk of serious harm or that he suffered a sufficiently serious injury. He also fails to allege facts that demonstrate he was subjected to unconstitutional punishment as a result of the conditions of his confinement. Therefore, the Eighth Amendment and due process components of claim 1(c) both lack merit and must be dismissed.

Finally, Mr. Kole's assertion that Sheriff Smith, Captain Palmer, Lt. Ester, and Lt. Shaffer denied his grievances regarding the conditions of his confinement is not sufficient to demonstrate personal participation in the asserted constitutional violations. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus,

the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

The Court next will address the portion of claim 1(d) that is asserted against Sheriff Smith, Captain Palmer, Lt. Ester, and Lt. Shaffer. Mr. Kole contends in this portion of claim 1(d) that these individuals violated his Eighth and Fourteenth Amendment rights when they determined Mr. Kole could not be approved to work as an inmate/pod worker sometime between June 9, 2013, and July 27, 2013. According to Mr. Kole, the inability to work as an inmate/pod worker prevented him from earning credits toward early release and the procedures used to determine who is eligible to work as an inmate/pod worker are different than the rules applied to inmates in state prisons.

This portion of claim 1(d) lacks merit for many of the same reasons discussed above in connection with claim 1(c). Mr. Kole cannot state an arguable equal protection claim because he is not similarly situated to inmates in state prisons and his vague and conclusory allegations are not sufficient to demonstrate cruel and unusual punishment in violation of the Eighth Amendment or unconstitutional punishment in violation of his right to due process as a pretrial detainee. Therefore, this portion of claim 1(d) also will be dismissed.

Claim 2 in the second amended Prisoner Complaint has two subparts. Mr. Kole maintains in claim 2(a) that his First and Fourteenth Amendment rights have been violated because the kosher meals offered at the Larimer County Jail are not adequate in terms of quality and quantity, there are no formal religious services except for

9

Christian/Catholic services, and he was denied a Passover meal in March 2014. Claim 2(a) is asserted against Sheriff Smith, Captain Palmer, and Lt. Shaffer in their individual and official capacities. The Court will not address at this time the merits of claim 2(a).

Mr. Kole alleges in claim 2(b) that Deputy Cassondra Windwalker violated his First Amendment rights on January 24, 2013, when she read and confiscated a personal letter Mr. Kole wrote and attempted to mail to his mother and that Captain Palmer and Lt. Ester also violated his First Amendment rights when they subsequently denied Mr. Kole's administrative grievance regarding the confiscation of the letter. Claim 2(b) is asserted against Deputy Windwalker, Captain Palmer, and Lt. Ester in their individual capacities.

Claim 2(b) is legally frivolous and must be dismissed to the extent it is asserted against Captain Palmer and Lt. Ester because, as noted above, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher*, 587 F.3d at 1069. The Court will not address at this time the merits of claim 2(b) to the extent it is asserted against Deputy Windwalker.

Claim 3 in the second amended Prisoner Complaint is asserted against Judge Lynch, Judge Mary Jo Berenato of the County Court of Larimer County, and Deputy District Attorney Nicholas Cummings in their individual capacities. Claim 3 has seven subparts that set forth claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Mr. Kole specifically contends in claim 3(a) that Judge Lynch imposed excessive bond in February 2012. He contends in claim 3(b) that Deputy District Attorney Cummings advocated for a long sentence at his

sentencing in November 2012 based in part on statements in a trial transcript and victim impact statement from prior cases even though he knew the documents were prejudicial and not germane to the pending case. Mr. Kole contends in claim 3(c) that Judge Lynch relied on the prior victim impact statement presented by Deputy District Attorney Cummings to impose a long sentence. Mr. Kole contends in claim 3(d) that Judge Berenato imposed an excessive bond on September 30, 2013. Mr. Kole contends in claim 3(e) that Judge Berenato denied his request for a bond reduction on March 18, 2014. Mr. Kole contends in claim 3(f) that Deputy District Attorney Cummings unreasonably objected to the bond reduction request on March 18, 2014. Finally, Mr. Kole contends in claim 3(g) that Judge Berenato denied his motion to dismiss on speedy trial grounds without a hearing in late March or early April, 2014.

As noted above, judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57; *Hunt*, 17 F.3d at 1266-67. Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Mr. Kole does not allege any facts that demonstrate either Judge Lynch or Judge Berenato acted outside the scope of their absolute immunity with respect to his allegations in claim 3. His claims against Deputy District Attorney Cummings similarly are premised on acts Deputy District Attorney Cummings took in the course of his role as an advocate for the State in the criminal case against Mr. Kole. Therefore, each of

11

these Defendants is entitled to absolute immunity with respect to Mr. Kole's claims for damages. Mr. Kole also seeks non-monetary relief from these Defendants with respect to his allegations in claim 3, including written apologies, investigations or evaluations by a judicial review board, and other relief that would require the Court to interfere in his ongoing pending criminal case, that is not appropriate in this civil rights action. As a result, the entirety of claim 3 will be dismissed.

To summarize, the Court will dismiss claims 1 and 3 in the second amended Prisoner Complaint in their entirety and the portion of claim 2(b) in the second amended Prisoner Complaint that is asserted against Captain Palmer and Lt. Ester. These claims will be dismissed pursuant to § 1915A(b). Judge Thomas L. Lynch, Deputy District Attorney Nicholas Cummings, Lieutenant Michael Ester, and Judge Mary Jo Berenato will be dismissed as parties to this action because all of the claims against them will be dismissed. The Court will not address at this time the merits of claim 2(a) in the second amended Prisoner Complaint, which is asserted against Sheriff Justin Smith, Captain Timothy Palmer, and Lieutenant Stacey Shaffer in their individual and official capacities, or claim 2(b) in the second amended Prisoner Complaint to the extent it is asserted against Deputy Cassandra Windwalker in her individual capacity. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that claims 1 and 3 in the second amended Prisoner Complaint (ECF No. 15) are dismissed in their entirety pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that the portion of claim 2(b) in the second amended Prisoner Complaint (ECF No. 15) that is asserted against Captain Timothy Palmer and Lieutenant Michael Ester is dismissed pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that Defendants Judge Thomas L. Lynch, Deputy District Attorney Nicholas Cummings, Lieutenant Michael Ester, and Judge Mary Jo Berenato are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 23rd day of July, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court