IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01435-WJM-KLM

BENJAMIN FRANCIS KOLE,

     Plaintiff,

v.

SHERIFF JUSTIN SMITH, in his individual and official capacities,
CAPTAIN TIMOTHY PALMER, in his individual and official capacities,
LIEUTENANT STACEY SHAFFER, in her individual and official capacities, and
DEPUTY CASSONDRA WINDWALKER, in her individual capacity,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion to Reconsider the Order to Dismiss for Claim 1(b), Claim 1(d), and Claim 2(b) [Pursuant to Lieutenant Michael Ester and Captain Timothy Palmer, Pursuant to Claim 2(b)] Due to Newly Discovered Evidence/Facts that Were Not Available When the Initial Filing of This Prisoner Complaint was Filed in May/June 2014** [#22][1] (the "Motion").  Defendants have not filed a response to the Motion and their deadline to do so has elapsed.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for recommendation regarding disposition [#34].  The Court has reviewed the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the

_____

[1]  "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Recommendation.

reasons set forth below, it is respectfully **recommended** that the Motion [#22] be **DENIED**.

## I. Background

Plaintiff, who proceeds in this matter pro se[2], is an inmate at the Larimer County Jail in Fort Collins, Colorado. *Second Am. Compl.* [#15] at 2. He initiated this action on May 21, 2014 by filing his Complaint [#1]. On June 5, 2014, Plaintiff filed his First Amended Complaint [#9]. On June 9, 2014, the Court directed Plaintiff to file a Second Amended Complaint, noting that the First Amended Complaint "does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Order Directing Plaintiff to File Second Amended Complaint* [#13] at 2. The Court went on to explain specific deficiencies with the First Amended Complaint and allowed Plaintiff 30 days in which to file a Second Amended Complaint. *See generally id.* On June 19, 2014, Plaintiff filed his Second Amended Complaint [#15]. The Court reviewed the Second Amended Complaint and dismissed certain claims pursuant to 28 U.S.C. § 1915A. *See generally Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge* [#18] (the "July 23, 2014 Order"). In the Motion, Plaintiff seeks relief from the July 23, 2014 Order [#18]. *See generally Motion* [#22].

Plaintiff seeks reconsideration of the Court's July 23, 2014 Order [#18] to the extent it dismissed the following claims:

---

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

- Claim 1(b) to the extent it is alleged against Defendant Sheriff Justin Smith ("Smith") and Captain Timothy Palmer ("Palmer") for alleged violations of the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment. *Motion* [#22] at 2-5. The due process portion of this claim was dismissed by the Court "because [Plaintiff did] not allege that he was transferred to the El Paso County Jail in March 2014 as a form of punishment." *July 23, 2014 Order* [#18] at 5. The Court further explained that Plaintiff's "allegation that he was transferred without legal authority under Colorado law does not demonstrate the transfer was intended as punishment." *Id.* The equal protection portion of this claim was dismissed because Plaintiff "fail[ed] to allege facts that demonstrate he was treated differently than any similarly situated inmate when he was transferred to the El Paso County Jail." *Id.* at 6.

- Claim 1(d) alleged against Defendants Smith, Palmer, Lieutenant Michael Ester ("Ester"), and Lieutenant Stacey Shaffer for alleged violations of the Eighth and Fourteenth Amendments. *Motion* [#22] at 6-7. This claim was dismissed both because Plaintiff "failed to allege facts . . . that demonstrate [that] Defendants acted with deliberate indifference to a substantial risk of serious harm or that he suffered a sufficiently serious injury" and because Plaintiff "is not similarly situated to inmates in state prisons and his vague and conclusory allegations are not sufficient to demonstrate cruel and unusual punishment . . . ." *July 23, 2014 Order* [#18] at 8-9.

- Claim 2(b) to the extent it is asserted against Defendants Palmer and Ester. *Motion* [#22] at 7-9. The Court found that this claim was "legally frivolous and must be dismissed to the extent it [was] asserted against Captain Palmer and Lt. Ester because . . . 'denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.'" *July 23, 2014 Order* [#18] at 10 (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

## II. Analysis

The Court has broad discretion to reconsider its interlocutory orders prior to entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the

claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ( "[D]istrict court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments."). "Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks and citation omitted). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (quotation marks and citation omitted). Mindful of these principles, the Court will not alter the July 23, 2014 Order unless the Court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); see *Lehman Brothers Holdings Inc. v. Universal Am. Mortgage Co.*, LLC, No. 13-cv-00090-PAB-MJW, 2014 WL 5069409, at *1 (D. Colo. Oct. 9, 2014).

4

Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original [filing]." *Servants of the Paraclete*, 204 F.3d at 1012.

Plaintiff offers no argument that the Court has misapprehended the facts or the controlling law.  Rather, he recites additional facts, which he believes are sufficient to demonstrate the merit of the dismissed claims.  However, Plaintiff does not assert that these facts were not known at the time he filed his Second Amended Complaint [#15]. Instead, Plaintiff maintains that the additional facts he alleges are "new," simply because he did not include them in his Second Amended Complaint even though, with one exception, the events he recites occurred before it was filed.  *See Motion* [#22] at 5 (regarding claim 1(b)), 6 (regarding claim 1(d)), 7 (regarding claim 2(b)).  The one fact Plaintiff alleges that may be considered new because it was not known to Plaintiff when he filed the Second Amended Complaint relates to claim 1(b).  In the Motion, Plaintiff alleges that he had a conversation with "housing deputy [ ] A. Hall" on June 19, 2014[3] about why he could not be transferred to the South Frank Pod.  *Motion* [#22] at 3.  However, it is clear that Plaintiff's belief that he was transferred as punishment is based on events that occurred in March and June 2014, *id.* at 4-5, which were known to him at the time he filed his Second Amended Complaint.  Accordingly, the Court finds no basis to grant the motion and respectfully **recommends** that the Motion be **denied**.  *See, e.g., Havens v. Clements*, No. 13-cv-00452-MSK-MEH, 2014 WL 1089349, at *2 (D. Colo. March 19, 2014); *Cordova*

---

[3] This is the same date the Second Amended Complaint was filed on the Court's docket. *See generally Second Amended Complaint* [#15].

*v. Dowling*, No. 11-cv-01130-PAB-CBS, 2011 WL 5598223, at *2-3 (D. Colo. Nov. 17, 2011); *Torres v. O'Neal*, No. 10-cv-00236-PAB, 2010 WL 2650841, at *2 (D. Colo. June 30, 2010); *Hubler v. Lander*, No. 08-cv-02546-PAB-BNB, 2013 WL 908920, at *2 (D. Colo. March 9, 2010); *Taylor v. Ortiz*, No. 05-cv-00574-PAB-MJW, 2010 WL 882316, at *3 (D. Colo. March 5, 2010).

To the extent Plaintiff would like to amend his Second Amended Complaint to include the additional factual allegations of which he had knowledge at the time he filed his Second Amended Complaint, he must file a motion pursuant to Fed. R. Civ. P. 15. Any such motion must comply with all applicable rules, including D.C.COLO.LCivR 7.1(d), which requires that "a motion involving a contested issue of law [ ] state under which rule or statute it is filed," and the motion must include the proposed Third Amended Complaint as a document separate from the Motion. The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed Third Amended Complaint.

### III. Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#22] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S.

140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated:  November 7, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge